# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN R. CAISSIE, LEE SMITH, and GREG BRYANT, Individually and on Behalf of All Other Persons Similarly Situated, ) ) ) ) | |
| *Plaintiffs,* ) | Civ. No. 08-cv-30220 (MAP) |
| ) | |
| v. ) | |
| ) | |
| BJ'S WHOLESALE CLUB, INC., ) | |
| ) | |
| *Defendant.* ) | |

## AFFIDAVIT OF LANCE P. BLAIR

STATE OF WASHINGTON )
                        ) ss.:
COUNTY OF KING )

     Lance P. Blair, being duly sworn, deposes and says:

     1.     I am employed by The Garden City Group, Inc. ("GCG") as a Director of Operations at GCG's West Coast Regional Office. The following statements are based on my personal knowledge and on information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

     2.     GCG has been providing comprehensive legal administration services for over 25 years. Our team has served as administrator for well over 1,000 cases. In the course of our history, we have mailed over 227 million notices, handled over 3 million calls, processed over 41 million claims, and distributed over $22 billion.

     3.     GCG was appointed by the Court as the Settlement Administrator to administer the settlement in accordance with the terms of the Settlement Agreement, Release, & Waiver entered into by the parties on or about February 16, 2010 ("Settlement

Agreement") and the Order Preliminarily Approving Settlement entered by the Court on or about February 24, 2010 ("Preliminary Approval Order").  I submit this Affidavit to provide the Court with information regarding the dissemination of Notice to the Class, the establishment and maintenance of a settlement website, toll-free telephone number and Post Office Box, as well as information on requests for exclusion and objections in accordance with the Court's Preliminary Approval Order and the Settlement Agreement.

## NOTICE DISSEMINATION

4.      On or about February 16, 2010, Counsel for the Defendant, BJ's Wholesale Club, Inc. ("BJ's") provided GCG with a list of the last known addresses, according to BJ's records, of 2,803 individuals who worked for BJ's in the mid-manager positions described in, and during the time periods set forth in, the Settlement Agreement, to the extent that such addresses were available ("Class List").  GCG updated the mailing addresses on the Class List through the National Change of Address database maintained by the United States Postal Service ("USPS") prior to mailing to the Class.

5.      On or about March 17, 2010, in accordance with the terms of the Settlement Agreement, GCG caused the Long Form Notice in a form substantially similar to that attached as Tab C to the Settlement Agreement ("Notice") and the Consent to Join and Claim Form in a form substantially similar to that attached as Tab D to the Settlement Agreement ("Claim Form"), to be sent by mail to each of the eligible persons on the updated Class List.  True and correct copies of the Notice and Claim Form are attached hereto as **Exhibits A & B**.  The Notice directed Class Members to the settlement website (www.MidManagersSettlement.com) to obtain more information. (*See* Paragraph 8 below regarding the content of the website).

6.      The initial mailing of the Notice and Claim Forms contained an error in the calculation of the estimated amount due to each Class Member.  Therefore, on or about March 25, 2010, GCG caused revised Notice and Claim Forms to be sent by mail to each of the eligible persons on the updated Class List, accompanied by a cover letter explaining the error and informing Class Members that the new Notice and Claim Form contained the correct information for their claim.  A true and correct copy of the cover letter is attached hereto as **Exhibit C.**

## RE-MAILING OF NOTICE

7.      In accordance with the terms of the Settlement Agreement, GCG re-mailed Notice and Claim Forms where updated address information was provided by USPS, and GCG has performed advanced address searches on the addresses for Notices that have been returned as undeliverable.  As of June 6, 2010, GCG has caused 93 Notice and Claim Forms to be re-mailed as a result of address corrections provided by USPS, and has caused 114 Notice and Claim Forms to be re-mailed as a result of advanced address searches.

## WEBSITE

8.      On March 19, 2010, pursuant to the terms of the Settlement Agreement and Preliminary Approval Order, GCG established an Internet website for the settlement (www.MidManagersSettlement.com) to provide additional information to Class Members.  The website address was set forth in the Notice, is accessible 24 hours a day, 7 days a week, and will remain operative throughout this administration.  The website includes a copy of the Notice and Claim Form.  The website also includes downloadable copies of the Settlement Agreement and Preliminary Approval Order; general

3

information about the settlement; case deadlines, including the deadlines to request exclusion and to submit an objection, and the date of the Final Approval Hearing; and a GCG contact address for settlement Class Members to obtain additional information. As of June 6, 2010, the website had received 729 visits.

## TOLL-FREE TELEPHONE NUMBER

9.      On March 17, 2010, pursuant to the terms of the Settlement Agreement and Preliminary Approval Order, GCG made a toll-free telephone number (1-888-404-8013), available to Class Members to obtain information about the settlement. This number will remain available throughout the administration of this settlement. This toll-free help line is answered by live operators from 8:30 am to 5:00 pm Pacific Standard Time Monday through Friday. Outside of those times, callers are able to leave a message and calls are returned within 48 hours. As of June 6, 2010, there have been 544 calls to the toll-free number, and 85 callers have left messages.

## MAILED COMMUNICATIONS

10.     As of March 17, 2010, GCG has maintained a Post Office Box dedicated to this settlement (P.O. Box 9464, Dublin, OH 43017-4564). Correspondents are able to submit Claim Forms as well as administrative mail relating to the settlement. As of June 6, 2010, GCG has received 19 pieces of administrative mail.

## REMINDER NOTICE MAILINGS

11.     On May 21, 2010, at the direction of the Parties, GCG caused reminder Notice packets, consisting of the full Notice packet plus a personalized buck slip designed to draw the Class Member's attention to the contents of the packet, to be sent by mail to the 888 Class Members who had not responded by May 20, 2010. A true and

4

correct copy of the reminder buck slip included with the Notice packet is attached hereto as **Exhibit D.**

      12.    GCG has been directed by the Parties to send an additional reminder on June 17, 2010, in the form of a postcard, to Class Members who have not responded by June 16, 2010. A true and correct copy of the reminder postcard is attached hereto as **Exhibit E.**

**CLAIMS RECEIVED**

      13.    As of June 9, 2010, GCG has received approximately 2,154 Claim Forms. The Class size is determined to have been 2,803 individuals. Thus, as of June 9, 2010, the claims rate can be considered to be approximately 77%, and the value of the claims received is approximately 86% of the net settlement fund.

**EXCLUSIONS AND OBJECTIONS**

      14.    Pursuant to the Settlement Agreement and Preliminary Approval Order, the last day for Class Members to request exclusion from the Class was May 31, 2010. All requests for exclusion were to be mailed to GCG and postmarked by that date. As of June 6, 2010, GCG has received one timely and potentially valid request for exclusion and no untimely requests for exclusion. A true and correct copy of the request for exclusion is attached hereto as **Exhibit F.**

      15.    Pursuant to the Settlement Agreement and Preliminary Approval Order, the last day for Class Members to submit written objections to the proposed settlement was May 31, 2010. Class Members who wished to object were directed to file their objection with the Court and serve a copy of the objection on the attorneys for the parties.

As of June 6, 2010, GCG has received no timely objections to the proposed settlement and no untimely objections.

## CAFA MAILING

16.     On March 25, 2010, pursuant to the direction of the Parties, GCG mailed notice of the Parties' proposed settlement to an "Appropriate Federal Official" and "Appropriate State Officials" as directed by Counsel and as required by 28 U.S.C. Sec. 1715.

I declare under penalty of perjury pursuant to the laws of the Commonwealth of Massachusetts that the foregoing is true and correct to the best of my knowledge and that this affidavit was executed on this _10th_ day of June, 2010 at Seattle, Washington.

By: _____
Lance P. Blair

Sworn to before me in Seattle, Washington this _10th_ day of June, 2010.

_____
BROOK LYN BOWER
Notary Public in and for the State of Washington
Residing in Seattle
My Commission Expires: July 26, 2012.
License No. 99205

6

**EXHIBIT A**

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
*Caissie v. BJ's Warehouse Club, Inc.*

**To:**   **Certain Present and Former Mid-Managers at BJ's Warehouse Club, Inc.**

**Re:**   **Settlement of Class Action Lawsuit**

**Date:** **February 24, 2010**

# SUMMARY OF CLASS ACTION SETTLEMENT

### What is the Lawsuit About and Why Was This Notice Sent?

A former mid-manager of BJ's Wholesale Club, Inc. filed a lawsuit against BJ's alleging that he should have been classified as a non-exempt employee and that he was entitled to overtime. Two additional mid-managers later joined the lawsuit. The attached Notice tells you about your rights and responsibilities under the proposed settlement. *See further details on page 2 of the Official Notice, which follows this Summary.*

### Who is Affected by the Proposed Settlement?

**You are receiving this Notice because you were a mid-manager who held one of the following positions during the time period stated in the Notice and as such you are eligible to receive money from this Settlement:** Bakery Managers, Closing Managers, Customer Services Managers, Deli/Seafood/Chicken Rotisserie Managers, Maintenance Recovery Managers, Meat Managers, Membership Acquisition and Retention Managers, Merchandise Assistants/Night Merchandise Assistants (including the Food, General Merchandise, and Zone II), Night Inventory Control Managers, Perishables Managers, Receiving/Inventory Control Managers, Receiving Managers/Night Receiving Managers, Replenishment Manager/Night Replenishment Managers, Tire Installation Managers, Front Line Shift Managers, Import-Export Managers, Jewelry Department Managers, Specialty Sales Managers, Mid-Managers In Training, Night Mid-Merchants and Mid-Merchants. *See further details on pages 2-3 of the Official Notice.*

### What Are Your Options?

You can choose to: (1) participate in the Settlement and receive money from the Settlement fund by filing a Consent to Join and Claim Form; (2) do nothing; (3) request to be excluded from the Settlement; or (4) object to the Settlement and/or request by Class Counsel for an award of attorneys fees, service awards to the plaintiffs, and reimbursement of expenses. *See further details on pages 4-6 of the Official Notice.*

### How Much Can You Expect to Receive and How Can You Participate in the Settlement?

If the Settlement is approved, BJ's will pay a total of $9,194,499 into a fund. After subtracting the costs related to the Settlement, including attorney's fees for the lawyers representing the plaintiff class, the remaining money in the fund will be divided proportionally among all of the class members. **Any class member who makes a valid claim will receive his or her fair share of the Settlement money. The estimated amount of money you will receive if you join the lawsuit is [APPLICABLE AMOUNT], as explained on page 1 of the attached Claim Form.** If you return the enclosed "Consent to Join and Claim Form" postmarked by July 21, 2010 and the Court approves the Settlement, you will receive a monetary award, as set forth above. *See further details on pages 3-4 of the Official Notice and on pages 1-2 of the Consent to Join and Claim Form.*

## What if You Do Nothing or Exclude Yourself from the Settlement?

**If you do not return the "Consent to Join and Claim Form" enclosed with this Notice or submit a request for exclusion from the Settlement, you will not receive any money from the Settlement.** In addition you would have likely released and waived any right to bring a similar lawsuit under state law, except in Ohio. You may still have the right under federal or Ohio law to file a complaint, but you will not receive any money pursuant to this Settlement. *See further details on page 5 of the Official Notice.*

You may entirely exclude yourself from the Settlement by submitting a "Request for Exclusion." **If you exclude yourself from the Settlement, you will not receive any recovery from the Settlement fund.** You will also retain the right to assert any claims you may have against BJ's relating to the payment of wages or hours of work. *See further details on page 5 of the Official Notice.*

## No Retaliation

**BJ's is encouraging all of the eligible current and former mid-managers to accept their share of the Settlement.** Whether you are a current or former BJ's employee, BJ's will not take any action against employees who join the Action or participate in the Settlement. *See further details on page 5 of the Official Notice.*

## What if You Have Questions?

The attached Notice only summarizes this lawsuit, the Settlement, and related matters. For more information about the Settlement or if you have any questions regarding the Settlement, you may examine the Court file for the lawsuit, contact the Settlement Administrator or contact the law firm representing the class. The following is the contact information for the law firm representing the class:

KLAFTER OLSEN & LESSER LLP
Seth R. Lesser, Esq.
Fran L. Rudich, Esq.
Two International Drive, Suite 350
Rye Brook, NY 10573
Ph:   914.934.9200
Fax:  914.934.9220
www.klafterolsen.com

*See further details on page 6 of the Official Notice.*

# THE OFFICIAL COURT NOTICE WITH FURTHER DETAILS IMMEDIATELY FOLLOWS THIS SUMMARY

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
*Caissie v. BJ's Warehouse Club, Inc.*

## OFFICIAL COURT NOTICE OF SETTLEMENT OF CLASS ACTION

**To:**   **Certain Present and Former Mid-Managers at BJ's Warehouse Club, Inc.**
**("BJ's" or the "Company")**

**Re:**   **Settlement of Class Action Lawsuit**

**Date:**   **February 24, 2010**

## INTRODUCTION

- The parties have reached a proposed settlement of $9,194,499 to settle this case. Please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below.

- As described more fully below, to participate in the Settlement, you must send a properly completed Consent to Join and Claim Form to the Settlement Administrator that must be postmarked by July 21, 2010. If you fail to turn in a timely Consent to Join and Claim Form, you will receive no money from the Settlement. Depending on what state you live in (*see* below), unless you "Opt-Out" of the Settlement by mailing by May 31, 2010 a written, signed statement to the Settlement Administrator that you are opting out of the settlement, you will be bound by the terms of the Settlement, whether or not you submit a Consent to Join and Claim Form.

- BJ's is encouraging all Class Members to participate in this Settlement. The law prohibits retaliation against current or former employees who participate in settlements.

## IMPORTANT DEADLINES:

- Deadline to opt-out of the Settlement: must be postmarked by May 31, 2010.

- Deadline to object to the Settlement: must be filed and served by May 31, 2010.

- Deadline to submit Consent to Join and Claim Form: must be postmarked by July 21, 2010.

This Notice explains the lawsuit and the terms of the Settlement and explains your rights and obligations. The Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties. The Notice contains information about the following topics:

1. What is the Lawsuit About and Why Was This Notice Sent?
2. Who is Affected by the Proposed Settlement?
3. What Are Your Options?
4. What Are the Terms of the Proposed Settlement and How Much Can You Expect to Receive?
5. Who Represents the Parties and How Will the Attorneys for the Class Get Paid?
6. How Can You Participate in the Settlement?
7. What If You Do Nothing?
8. No Retaliation
9. How Can You Exclude Yourself or "Opt-Out" of the Settlement?
10. How Can You Object?
11. What if You Have Questions?

## 1. What is the Lawsuit About and Why Was This Notice Sent?

Former mid-managers of BJ's Wholesale Club, Inc. ("BJ's" or the "Company") sued BJ's in a lawsuit, claiming that certain mid-managers (identified below) (collectively "mid-managers") were not paid proper overtime wages for weeks in which they worked more than 40 hours because they were classified by the Company as "exempt" from federal and state overtime pay requirements.

BJ's denies Plaintiffs' allegations and asserts that its pay practices with respect to all mid-managers have complied with all legal requirements.

The lawsuit is before Judge Michael Ponsor, United States District Judge for the United States District Court for the District of Massachusetts.  After litigating the case for approximately one year and engaging in discovery and extensive negotiations, the parties have reached a proposed settlement of all claims.  The Court has granted preliminary approval of the Settlement and has scheduled a hearing on June 21, 2010 at 2:00 p.m. at the United States Courthouse in Springfield, Massachusetts to determine whether to grant final approval.  This Notice tells you about your rights and responsibilities under the proposed settlement.

## 2. Who is Affected by the Proposed Settlement?

The proposed settlement affects individuals who worked for BJ's in the following mid-manager positions:

- Bakery Manager
- Closing Manager
- Customer Services Manager
- Deli/Seafood/Chicken Rotisserie Manager
- Maintenance Recovery Manager
- Meat Manager
- Membership Acquisition and Retention Manager
- Merchandise Assistant/Night Merchandise Assistant (including the Food, General Merchandise, and Zone II designations)
- Night Inventory Control Manager
- Perishables Manager
- Receiving/Inventory Control Manager
- Receiving Manager/Night Receiving Manager
- Replenishment Manager/Night Replenishment Manager
- Tire Installation Manager
- Front Line Shift Manager
- Import-Export Manager
- Jewelry Department Manager
- Specialty Sales Manager
- Mid-Manager In Training
- Night Mid-Merchant
- Mid-Merchant

The Court has certified, for settlement purposes only, the following classes:

**FEDERAL CLASS**: The federal class consists of all individuals who have worked anywhere in the United States for BJ's in the mid-manager positions described above within the three years prior to the timely return of their Consent to Join and Claim Form.

**STATE CLASS**: The state class consists of all individuals who have worked for BJ's in the mid-manager positions described above in Connecticut, Delaware, Florida, Georgia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Pennsylvania, Rhode Island, South Carolina, and/or Virginia who do not request to be excluded from the Settlement. You must have worked in one of these states during the time periods indicated to be eligible to participate in the Settlement:

| | |
|---|---|
| On or after January 24, 2004 | Maine<br>New York |
| On or after November 18, 2005 | Massachusetts |
| On or after January 24, 2007 | Maryland<br>Pennsylvania<br>Rhode Island<br>South Carolina<br>Virginia |
| On or after January 24, 2008 | Connecticut<br>Florida<br>Georgia<br>New Hampshire<br>New Jersey<br>North Carolina |
| On or after January 24, 2009 | Delaware |

You can be in either the Federal Class, the State Class, *or both*, and, if so, you can take part in the Settlement by returning a Consent to Join and Claim Form by July 21, 2010. If you do not return the Consent to Join and Claim Form, you may nevertheless be a member of the State Class and, if so, your rights will be impacted if the Settlement is approved by the Court. *See* the "What If You Do Nothing?" section below.

## 3. What Are Your Options?

You have four options with regards to this Settlement. You can:

    (1) participate in the Settlement by filing a Consent to Join and Claim Form;

    (2) do nothing;

    (3) request to be excluded from the Settlement; or

    (4) object to the Settlement and/or request by Class Counsel for an award of attorneys fees, service awards to the plaintiffs, and reimbursement of expenses.

Details about how each option would affect your rights are explained below.

## 4. What Are the Terms of the Proposed Settlement and How Much Can You Expect to Receive?

If the Settlement is approved, BJ's will pay $9,194,499 ("Settlement Amount") into a fund. This fund will pay Class Counsel's fees and litigation costs, one-half (50%) of the cost of settlement administration, the full amount of both the participating class members' W-2 tax withholdings (and state/local withholdings if applicable) and any employer share of payroll taxes on back wage payments made to participating claimants, and service payments to the named plaintiff and two party plaintiffs who joined this lawsuit prior to the Settlement.

After the deductions, the resulting amount is anticipated to be $5,929,258. <u>This amount will be distributed among members of the Settlement who submit a valid and timely Consent to Join and Claim Form</u>. The amount each person who returns the form will receive will be determined by dividing the wages earned while in one or more of the affected mid-manager positions during the period covered by the Settlement by the total amount of wages earned by all such mid-managers during the period covered by the Settlement. Each person thus will get a proportional share based upon the wages they earned as an affected mid-manager.

The amount of wages you earned during the period covered by the Settlement, as reflected in the records provided by BJ's to the Settlement Administrator, is set forth in the Consent to Join and Claim Form included with this Notice.  <u>Also indicated is the amount that you would be anticipated to receive if the Settlement is approved and the requested attorneys' fees and costs and named plaintiff service awards are approved</u>.  If you believe that the amount of your wages is not accurate, you can indicate your disagreement on the Claim Form, but if you do so, you must provide pay-stubs or other documentation supporting your claim.

The period covered by the Settlement for you is at least three years prior to the date you return a Consent to Join and Claim Form through the date of January 24, 2010 and begins earlier if you worked in a BJ's store in Maine, Massachusetts, New York, Maryland, Pennsylvania, Rhode Island, South Carolina, or Virginia as indicated by the commencement period set forth in the state chart above.

Net settlement funds not paid out to settle claims shall be distributed to a charitable organization approved by the Court or otherwise as directed by the Court.

### 5. Who Represents the Parties and How Will the Attorneys for the Class Get Paid?

Attorneys for Plaintiffs & the Class:

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser, Esq.
Fran L. Rudich, Esq.
Two International Drive, Suite 350
Rye Brook, NY 10573
Ph: 914.934.9200
Fax: 914.934.9220
www.klafterolsen.com

The named plaintiffs for the proposed settlement are Kevin Caissie, Greg Bryant and Lee Smith, former BJ's mid-managers.

Class Counsel will apply to the Court for legal fees and reimbursement of costs of litigation in an amount of no more than thirty percent (30%) of the total settlement amount.  Class Counsel will also request service awards of no more than $10,000 for each named plaintiff.  The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs is reasonable.

Attorneys for Defendant are:

**CONSTANGY, BROOKS & SMITH LLP**
Ellen C. Kearns, Esq.
Christopher M. Pardo, Esq.
Counsel for Defendant
535 Boylston Street, Suite 902
Boston, MA 02116
Ph: 617.849.7880
Fax: 617.849.7870

### 6. How Can You Participate in the Settlement?

If you return the enclosed "Consent to Join and Claim Form" postmarked by July 21, 2010 and the Court approves the Settlement, you will receive a monetary award, as set forth above.

A copy of the Consent to Join and Claim Form is enclosed with this Notice and may also be obtained by contacting the Settlement Administrator listed below or by downloading it from either of these two websites: www.MidManagersSettlement.com or www.klafterolsen.com.  The address of the Settlement Administrator appears at the end of this Notice.

Upon approval of the Settlement by the Court and such approval becoming final, you will be unable to bring any claim against BJ's based on hours of work or rates of pay in conjunction with your employment in the mid-manager positions described above during the Relevant Period applicable to you.

## 7.  What if You Do Nothing?

Individuals who do not return the "Consent to Join and Claim Form" enclosed with this Notice or submit a request for exclusion from the Settlement will not receive any money from the Settlement.

If you have already filed a Consent to Join and Claim Form and do nothing more, you will be bound by the Settlement and will, upon approval of the Settlement by the Court and that approval becoming final, be deemed to have released all your federal, state, and local claims for payment of hours worked for BJ's during the Relevant Period applicable to you.  You will receive a payment by mail at your last known address.

If you do nothing and have worked for BJ's in Connecticut, Delaware, Florida, Georgia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Pennsylvania, Rhode Island, South Carolina, and/or Virginia, upon approval of the Settlement by the Court and that approval becoming final, you will be deemed to have released and waived any claims during the Relevant Period applicable to you under state or local laws, which were, or could have been, alleged based on the facts set forth in the Complaint.  You may still have the right under federal or Ohio law to file a complaint if the deadline to file such a claim has not already expired.  However, you will not receive any money pursuant to this Settlement.

## 8.  No Retaliation

BJ's is encouraging all class members to participate in the Settlement.  Whether you are a current or former BJ's employee, your decision as to whether or not to submit a Consent to Join and Claim Form will in no way affect your employment with BJ's.  BJ's is prohibited by law from taking any action against employees who join the Action or participate in the Settlement.

## 9.  How Can You Exclude Yourself or "Opt-Out" of the Settlement?

If you are a member of the State Class described above (meaning you worked in a listed mid-manager position in a BJ's store in the state indicated during the period indicated), you may exclude yourself from the Settlement by submitting a "Request for Exclusion" to the Settlement Administrator.  If you exclude yourself, you will not participate in these proceedings, nor will you receive any recovery from the net settlement fund.  You will also retain the right to assert any claims you may have against BJ's relating to the payment of wages or hours of work.

To exclude yourself from the State Class, you must submit a Request for Exclusion from the settlement class, in writing to the Settlement Administrator, with a postmark date of no later than May 31, 2010.  This Request for Exclusion should include your name and address, and should state:  (1) that you are requesting to be excluded from the Parties' settlement in the case *Caissie, et al. v. BJ's Wholesale Club, Inc.*, Case No. 08-CV-30220-MAP; and (2) that you understand that by excluding yourself from the Settlement, you will receive no funds in conjunction with the case.

If you are not a member of the State Class described above, you need not do anything to exclude yourself from this Settlement as you will only be a member of the Federal Class if you timely submit a Consent to Join and Claim Form to the Settlement Administrator at the address at the end of this Notice.

## 10.  How Can You Object?

You can only object to the terms of the Settlement and/or either to the attorneys' request for fees and expenses or to the named plaintiffs' request for a service award *if you do not* submit a timely and complete Request for Exclusion *or* are not a member of the State Class and do nothing.  You may both object to the Settlement or to the award requests and participate in the Settlement, but you must timely file a Consent to Join and Claim Form to receive any money.

In order to object to the Settlement and/or Request for Fees and Expenses, you must file a copy of your written objection with the Court at the United States Courthouse, 300 State Street, Springfield, Massachusetts 01105, and mail a copy of your written objection to the counsel for the parties identified above no later than May 31, 2010. Any written objection must be signed and state each specific reason in support of your objection and any legal support for each objection. *PLEASE DO NOT TELEPHONE THE COURT.*

If you submit a timely objection, you may also appear, at your own expense, at the Final Approval Hearing. However, to appear at the Final Approval Hearing in Court, you must first submit a "Notice of Intention to Appear at the Final Approval Hearing" - which is currently set for June 21, 2010 at 2:00 p.m. at the United States Courthouse, 300 State Street, Springfield, Massachusetts 01105. You can represent yourself or appear through your own attorney. To do so, you or your attorney must also file a "Notice of Appearance" with the Clerk of the United States District Court, District of Massachusetts, and deliver copies to each of the attorneys listed above, no later than May 31, 2010.

**If You Intend To Object To The Settlement AND/OR FEE AND EXPENSE REQUEST, But Wish To Receive Your Share Of The NET Settlement Funds, You Must Still Timely File Your CONSENT TO JOIN AND CLAIM FORM As Stated Above.**

**OTHERWISE, If The Court Approves The Settlement Despite Your Or Any Other Objections And You Have Not Submitted A CONSENT TO JOIN AND Claim Form , You Will Not Receive Any Proceeds From The Settlement.**

## 11. What if You Have Questions?

This Notice only summarizes this lawsuit, the Settlement, and related matters. For more information about the Settlement or if you have any questions regarding the Settlement, you may examine the Court file for the lawsuit, contact the Settlement Administrator or contact Class Counsel.

In order to see the complete court file, including a copy of the settlement agreement, you should visit the Clerk of the Court, United States District Court for the District of Massachusetts, 300 State Street, Springfield, Massachusetts 01105. The Clerk will make all files relating to this lawsuit available to you for inspection and copying at your expense.

You can contact Class Counsel at the address or numbers listed in section 5, above. You may also obtain additional information concerning the Settlement from www.MidManagersSettlement.com or by contacting the Settlement Administrator at:

**BJ's Wholesale Club, Inc. Settlement**
**c/o The Garden City Group, Inc.**
**P.O. Box 9464**
**Dublin, OH 43017-4564**
**1 (888) 404-8013**

You can also contact the Attorneys for the Plaintiffs & the Class at the address and websites set forth earlier in this Notice.

**_Do not contact the Court about this matter._**

Dated:  February 24, 2010

**EXHIBIT B**

| MUST BE POSTMARKED ON OR BEFORE JULY 21, 2010 | *Caissie, et al. v. BJ's Wholesale Club, Inc.*<br>c/o The Garden City Group, Inc.<br>P.O. Box 9464<br>Dublin, OH 43017-4564<br>Toll-Free: 1 (888) 404-8013 | BJS  |

Claim No:                    Control No:

<table>
<tr><td colspan="2"><b>CORRECTIONS OR ADDITIONAL INFORMATION</b><br>Write any name and address corrections below if any are necessary <b><u>OR</u></b> if there is no preprinted data to the left, please provide your name and address here:</td></tr>
<tr><td><b>Name:</b></td><td></td></tr>
<tr><td><b>Address:</b></td><td></td></tr>
<tr><td><b>City/State/Zip:</b></td><td></td></tr>
<tr><td><b>Daytime Tel:</b></td><td></td></tr>
<tr><td><b>Evening Tel:</b></td><td></td></tr>
<tr><td><b>Email:</b></td><td></td></tr>
</table>

**To Take Part In The Proposed Settlement, You Need to Sign Below
After Reading This Whole Form**

## CONSENT TO JOIN

I, _____, wish to join the above-captioned lawsuit and to participate in the Parties' proposed settlement in this matter of the claims asserted under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and any state law claims I have standing to assert.  I hereby consent to become a party plaintiff in the lawsuit, and I hereby authorize counsel for Plaintiffs to file, under seal, this Consent to Join and Claim Form with the Court in the lawsuit.

## CLAIM FORM

**To share in this Settlement, you must complete, sign and return this Claim Form.
The Claim Form must be postmarked no later than July 21, 2010.**

The records of BJ's Wholesale Club, Inc. ("BJ's"), indicate that you were employed as a mid-manager in one or more of the positions covered by the Settlement[1] at a BJ's location in [APPLICABLE STATE(S)] during the Class Period from [APPLICABLE POSITION(S)].   Their records also indicate that you earned or will have earned approximately [APPLICABLE AMOUNT]  from your work for BJ's in one or more of the above-listed mid-manager positions within that Class Period.

**Assuming that the Settlement is approved as well as the requests for an award of fees and expenses and service awards, as described in the Notice, it is expected that your share of the Settlement will be approximately [APPLICABLE AMOUNT].**

---

1    The mid-manager positions covered by this Settlement are as follows:  Bakery Manager, Closing Manager, Customer Services Manager, Deli/Seafood/Chicken Rotisserie Manager, Maintenance Recovery Manager, Meat Manager, Membership Acquisition and Retention Manager, Merchandise Assistant/Night Merchandise Assistant (including the Food, General Merchandise, and Zone II designations), Night Inventory Control Manager, Perishables Manager, Receiving/Inventory Control Manager, Receiving Manager/Night Receiving Manager, Replenishment Manager/Night Replenishment Manager, Tire Installation Manager, Front Line Shift Manager, Import-Export Manager, Jewelry Department Manager, Specialty Sales Manager, Mid-Manager In Training, Night Mid-Merchant and Mid-Merchant.

If you believe that the approximate earnings listed above are incorrect, please enter approximate earnings you believe you earned or will have earned in one or more of the above-listed mid-manager positions for BJ's, during the Class Period listed above:

_____ - total earnings I believe I earned or will have earned in one or more of the above-listed mid-manager positions for BJ's, between [APPLICABLE CLASS PERIOD(S)].

IF YOU DISAGREE WITH THE AMOUNT OF WAGES YOU EARNED OR HAVE EARNED DURING THE CLASS PERIOD, YOU MUST PROVIDE PAY-STUBS OR OTHER DOCUMENTATION CONFIRMING THE AMOUNT YOU HAVE INDICATED.

_____
Name (First, Middle, Last)

## RELEASE OF CLAIMS

By signing, I certify that I was employed by BJ's in one or more of the mid-manager positions listed above, including [APPLICABLE POSITION(S)], during the Class Period of [APPLICABLE CLASS PERIOD(S)].

By signing, I also acknowledge that when the Court grants approval to the Parties' settlement and that approval becomes final, I shall have released all claims under [APPLICABLE STATE(S)] law and the Fair Labor Standards Act that I may have or ever had against BJ's, relating to payment of wages or hours of work in one or more of the mid-manager positions listed above during the Class Period.  As a result, I also acknowledge that any such claims for the time I was employed by BJ's in one or more of the mid-manager positions listed above during the Class Period will be fully and finally extinguished.

In exchange for the money I am eligible to receive under the Parties' settlement, I hereby fully, forever, irrevocably and unconditionally release and discharge BJ's Wholesale Club, Inc., its subsidiaries and successors, and its and their directors, officers, employees, and agents  from any and all causes of action, claims, or demands against them based on alleged violations of any federal, state or local law pertaining to hours of work or payment of wages, that were asserted or could have been asserted in the Action, based on events that occurred or are alleged to have occurred during the Class Period.

_____        _____
Date                                    Signature

**EXHIBIT C**

**Caissie, et al. v. BJ's Wholesale Club, Inc.**
**Settlement Administrator**
**The Garden City Group, Inc.**
**P.O. Box 9464**
**Dublin, OH 43017-4564**

Claim Number:                    Control Number:

**March 25, 2010**

Dear _____:

We recently mailed to you an Official Court Notice of Settlement of Class Action involving mid-managers and a Claim Form to complete in order to participate in the settlement.

The Claim Form was personalized with an approximate amount of your expected share of the Settlement. As described in the Notice, that amount was calculated based on the amount of your earnings from your work for BJ's in one or more of the mid-manager positions within the applicable Class Period. The Claim Form was also personalized with the amount of your earnings.

There was an error in the calculation of the amount of your earnings. As a result, the approximate amount of your expected share of the Settlement was incorrect.

We have fixed that mistake and enclose a new Claim Form with the correct estimated amount of your earnings with a revised approximate amount of your settlement share. If you would like to participate in the settlement, you must complete a Claim Form and return it by the deadline.

We apologize for any inconvenience this caused, and we appreciate your patience and understanding.

If you have any questions about the revised payment amount or any other matter, please call us directly at 1-888-404-8013.

Sincerely,

The Garden City Group, Inc.
Settlement Administrator

**EXHIBIT D**

## <u>DEADLINE TO PARTICIPATE IN CLASS ACTION SETTLEMENT APPROACHING!</u>

### <u>Caissie, et al. v. BJ's Wholesale Club, Inc.</u>

Enclosed is the necessary documentation to join the BJ's mid-manager class action settlement. This information was previously mailed to you, but we have not yet received a response from you.

**PLEASE NOTE THAT IF YOU RETURN THE ENCLOSED PAPERWORK,
YOU WILL RECEIVE A CHECK FOR APPROXIMATELY $000.00.**

To participate in the Settlement and receive the money set forth above, you must complete the enclosed Consent to Join and Claim Form.

**<u>The deadline to mail your completed form to the Claims Administrator is July 21, 2010.</u>**

If you have any questions, please contact the Claims Administrator by phone or by mail as follows:

*Caissie, et al. v. BJ's Wholesale Club, Inc.*
c/o The Garden City Group, Inc.
P.O. Box 9464
Dublin, OH 43017-4564
Toll-Free: 1 (888) 404-8013

BJS1234567  JANE CLAIMANT

**EXHIBIT E**

## Caissie, et al. v. BJ's Wholesale Club, Inc.
### U.S. District Court - District of Massachusetts

### *URGENT – IF YOU RESPOND TO THIS MAILING, YOU MAY RECEIVE A CHECK WITH MONEY ALREADY SET ASIDE FOR YOU*

Recently, we mailed you information about joining the class action in the above case which included the approximate amount of money set aside for you. As of the date of the mailing of this postcard, we have received no response from you. **Money has been set aside for you, but the deadline to participate in the settlement is July 21, 2010**.

If you would like to participate and collect your money, all you have to do is fill out a Consent to Join and Claim Form. You can get another copy of that form by contacting the Claims Administrator by phone or by mail at:

*Caissie, et al. v. BJ's Wholesale Club, Inc.*
c/o The Garden City Group, Inc.
PO Box 9464
Dublin, OH 43017-4564
Toll-Free: 1 (888) 404-8013

*Caissie, et al. v. BJ's Wholesale Club, Inc.*
c/o The Garden City Group, Inc.
PO Box 9464
Dublin, OH 43017-4564

_____

**FORWARDING SERVICE REQUESTED**

JANE CLAIMANT
123 MAIN ST.
CITY, ST 11111-1111

**EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN R. CAISSE, individually
and on behalf of all other persons
similarly situated

       Plaintiff,

vs

                              DOCKET NO. 08-CV-30220-MAP

BJ'S WHOLESALE CLUB, INC.,

       Defendant.
_____/

## GLENN D. RIVERA'S REQUEST FOR EXCLUSION FROM SETTLEMENT CLASS

       Settlement Class Member in the above styled lawsuit, Glenn D. Rivera, via undersigned

counsel, hereby gives notice that he requests to be excluded from the Settlement Class mentioned

above, and pursuant to the Court's Order (DE 25) provides the following information:

      1.     Name and Address:    Glenn D. Rivera
                                      3810 W. 10th Dr.
                                      Hialeah, FL 33018[1]

      2.     Glenn D. Rivera requests to be excluded from the settlement in the case, Caissie,

et al v. BJ's Wholesale Club, Inc., Case No.: 08-CV-30220-MAP.

      3.     Glenn D. Rivera understands that by being excluded from the settlement, the

Settlement Class member will receive no funds in conjunction with this case

---

[1] In conformity with the Notice of Representation letter mailed with this Exclusion Form, please direct future
communications regarding Mr. Rivera to Robert S. Norell, P.A., 7350 NW 5th St., Plantation, FL 33317

Dated  May 26, 2010
Plantation, Florida

                              Respectfully submitted,

                    By.     _____
                              Robert S. Norell, Esq
                              E-Mail. robnorell@aol.com
                              Jon Michael Kreger, Esq
                              E-Mail. jon@floridawagelaw.com
                              ROBERT S  NORELL, P.A
                              7350 N.W. 5th Street
                              Plantation, FL 33317
                              Tel : (954) 617-6107
                              Fax: (954) 617-6018
                              Counsel for Plaintiff


                         **Certificate of Service**

      I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been

served by U.S. Mail or other authorized method of service, and upon the following parties on the

attached service list on this Wednesday, May 26, 2010.'



                    By:     _____
                              Jon Michael Kreger, Esq.

**Service List**
DOCKET NO. 08-CV-30220-MAP

Robert S. Norell, Esq.
E-Mail: robnorell@aol com
Jon Michael Kreger, Esq.
E-Mail. jon@floridawagelaw.com
ROBERT S. NORELL, P.A.
7350 N.W. 5th Street
Plantation, FL 33317
Tel.: (954) 617-6107
Fax: (954) 617-6018
Counsel for Glenn D. Rivera


Christopher M. Pardo, Esq
E-Mail· cpardo@costangy.com
COSTANGY, BROOKS & SMITH, LLP
535 Boylston St., Ste. 902
Boston, MA 02116
Tel . (617) 849-7884
Fax  (617) 849-7874
Counsel for BJ's Wholesale
Method of Service.  U.S. Mail


BJ's Wholesale Club, Inc  Settlement
c/o The Garden City Group, Inc.
815 Western Ave, Suite 200
Seattle, WA  98104
Project Code BJS
Tel. (888) 404-8013
Fax.
Settlement Administrator
Method of Service: FedEx Second Day Air

# EXHIBIT B

# KLAFTER OLSEN & LESSER LLP

Klafter Olsen & Lesser LLP is a nationally recognized law firm with experience in a wide variety of litigation matters including securities, breach of fiduciary duty, wage and hour, civil rights, consumer, and products liability actions.  Its attorneys have been involved in leading cases in all of these areas and have received recognition for their efforts from courts, professional organizations and peers for their professionalism and results.  The Firm has successfully litigated cases from one end of the country to the other and its attorneys are admitted in multiple state courts and dozens of federal courts.

The present firm is the successor to Klafter & Olsen LLP which was founded in June 2003 by Jeffery Klafter and Kurt Olsen.  In August 2008, Seth Lesser joined to form the present firm.  The Firm has offices in New York, Washington, D.C., and New Jersey.  Together, the Firm's principals bring over sixty years of combined experience representing plaintiffs and defendants to the practice.

The Firm's philosophy is to aggressively prosecute select actions as opposed to a "volume" type operation.  The Firm provides its clients with the full spectrum of litigation services including: (i) factual investigation, forensic accounting, and legal analysis; (ii) communications advising the client of the merits of the case, developments in the litigation, and settlement issues; and (iii) advisory services on an "as needed" basis on both case specific and general litigation matters.

The attorneys in the Firm have obtained well over a half a billion dollars in settlements in the cases in which they have served as lead lawyers.  These results have been obtained in a wide variety of individual and class action contexts.

## Securities Litigation

In recent years, the Firm has acted as a lead counsel in multiple securities class actions in which nearly $60 million has been recovered:

- *In re SmarTalk Teleservices Inc. Securities  Litigation*, MDL Docket No. 00-1315 (S.D. Ohio) ($27.1 million)



NEW YORK • NEW JERSEY • WASHINGTON, DC

1

- *In re Ashworth, Inc. Securities Litigation,* Master File No. 99cv0121-L (JFS) (S.D. Cal.) ($15.25 million settlement)

- *In re Eaton Vance Corporation Securities Litigation,* Civil Action No. 01-10911-EFH (D. Mass.) ($10.5 million settlement)

- *In re InfoSonics Corp. Sec. Litigation,* Case No. 06cv1231 BTM(WMc) (S.D. Cal.) ($3.8 million settlement)

- *In re Viisage Technologies, Inc. Securities Litigation,* Civil Action No. 05-cv-10438 – MLW (D. Mass.) ($2.3 million settlement)

The Firm also has had significant roles in the prosecution of *In re IBM Corp. Securities Litigation,* No. 05 Civ. 6279 (AKH) (S.D.N.Y.) ($20 million settlement), *In Re American Business Financial Services, Inc. Noteholders Litigation,* No. 05-232 (ED Pa.) ($16.75 million partial settlement).

In addition to leading securities class actions, the Firm was selected by CompuDyne Corporation to represent it in pursuing its claims against individuals and entities who illegally sold the Company's stock short in advance of a $30 million private placement, and achieved a $4.8 million settlement with certain of the short-sellers.

### Breach of Fiduciary Duty And Related Litigation

The Firm is also active in pursuing claims for breach of fiduciary duty against corporate officers or directors on behalf of shareholders. Recently, the Firm was retained by the Post-Confirmation Equity Subcommittee in the bankruptcy of a public company, Superior Offshore International, Inc., to prosecute fiduciary duty claims against Superior's former officers and directors.  In addition, the Firm is investigating a host of other potential actions that may be brought on behalf of the debtor to maximize the recovery in this bankruptcy proceeding.

### <u>Consumer and Commercial Law Litigation</u>

Klafter Olsen & Lesser LLP has extensive experience in the areas of complex commercial and consumer law.  Whether representing individuals or business and whether through class or individual actions, the firm's attorneys have recouped hundreds of millions of dollars for its clients in these areas.



NEW YORK • NEW JERSEY • WASHINGTON, DC

The Firm's attorneys have been lead and co-lead counsel in major class action and federal Multi-District Litigation proceedings that successfully obtained recompense from banks, insurance companies, mortgage lenders, appraisers and title insurers, as well as rental companies, gasoline companies, automobile manufacturers, computer companies, and many others.  Seth Lesser has been awarded the "Consumer Advocate of the Year" award by the National Association of Consumer Lawyers.  One of his most recent successes involved obtaining over $100 million – 100% of individual's out-of-pocket damages – for New Jersey consumers who paid hidden usurious interest in *Perez v. Rent-a-Center, Inc.*, Docket No. CAM-L-21-03 (Sup. Ct. N.J.), for victims of mortgage fraud, and for compelling a bank to refund interest charges improperly calculated for commercial borrowers.

### **Wage & Hour Litigation**

Klafter Olsen & Lesser LLP has a strong national reputation for helping employees obtain the overtime pay and other benefits to which they are entitled under the Federal Fair Labor Standards Act (FLSA) and comparable state laws.  Its lawyers have successfully handled over 50 federal Fair Labor Standards Act cases and have obtained settlements worth millions of dollars in class, collective and individual cases against defendants that have included Fortune 100 and other companies that have ranged from major retailers to nationwide financial institutions.

KOL represents workers across the country when they are denied overtime and subjected to other wage violations.  These include misclassifying employees as exempt from being paid overtime under the FLSA and state wage claim, failing to credit employees for all hours they have worked and failing to pay wages for time spent required by an employer to prepare for or wind up a workday.  At present the firm is handling numerous such matters in federal and state courts across the country and has recently obtained FLSA collective action certifications in a number of such cases.  *See, e.g., Craig v. Rite Aid Corp.*, 2009 U.S. Dist. LEXIS 114785 (M.D. Pa. Dec. 9, 2009) (obtaining collective action certification for assistant store managers at 4,901 Rite Aid stores nationwide).   KOL has been appointed as class counsel in many such wage and hour cases.  *See, e.g., Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (recognizing counsel as "experience[d] in handling wage and hour class actions and [having] knowledge of the applicable law" in being appointed class counsel) (case settled for $3.5 million); *Herring v. Hewitt Inc.*, 3:06-cv-267 (D.N.J.) (TJB) ($4.9 million



class settlement of FLSA and state claims); *Caissie v. BJ's Wholesale Club*, 08-CV-30220 (D. Mass.) (MAP) ($9.3 million settlement subject to court approval).  In 2009, Klafter Olsen & Lesser LLP was co-lead counsel in what is one of the first FLSA misclassification cases ever tried to a jury.  After the six week trial, plaintiffs prevailed on all points, obtaining a verdict finding that the defendant there, Staples, Inc., had willfully violated the FLSA in failing to pay assistant store managers for hours worked overtime.  The jury awarded the collective action members a verdict of $2.4 million, which the Court doubled to $4.8 million.

### Civil Rights Litigation

Klafter Olsen & Lesser LLP has actively prosecuted a number of lawsuits on behalf of individuals who have had their civil or Constitution rights violated.

In recent years, the Firm's attorneys have obtained awards in many individual and class actions in which racial or gender discrimination was alleged, including the recent $24.4 million settlement reached in a case involving historical racial discrimination in the sale of life insurance.  In that case, as co-lead counsel, we obtained class certification, defeated the defendant's attempt to obtain interlocutory appellate review of the certification decision and prevailed against a motion for summary judgment, *Norflet v. John Hancock Life Ins. Co.*, No. Civil No. 3:04cv1099 (D. Conn.).

In recent years, the Firm has also obtained significant recoveries on behalf of individuals who were illegally strip searched when they were arrested for non-serious crimes including a $7.5 million class action settlement against one New Jersey county (*Hicks v. County of Camden*, Civ. No. 05-1857 (D.N.J.), a $4.5 million settlement against another (*Suggs v. County of Cumberland*, Civ. No. 06-0087 (D.N.J.) and a $4.0 million against a third (*Wilson v. Gloucester County*, Civ. No. 06-1368 (D.N.J.).  The Firm is now involved in prosecuting such cases across the country.

### Mass Tort and Personal Injury

The Firm's attorneys have extensive experience in representing victims of hazardous pharmaceutical drugs (such as Rezulin or Fen/Phen),defective medical devices (such as certain of Guidant's implantable defibrillators), and mass food poisonings (such as peanut



NEW YORK • NEW JERSEY • WASHINGTON, DC

4

butter contamination).  We have represented not only individuals but also government agencies for reimbursement claims.

Our attorneys have been lead counsel in a number of such cases. One involved multiple LYMErix vaccine class actions which resulted, as a part of the settlement, in the withdrawal of the from the market - perhaps a unique and unprecedented resolution of a pharmaceutical class action - and which also set forth the terms pursuant to which the company could apply to the Food and Drug Administration to seek any reintroduction of the product. *Cassidy v. SmithKline Beecham*, No. 99-10423 (Ct. Common Pleas, PA state court).

In another national mass tort, one of our attorneys, Seth Lesser, has been serving as one of the co-lead counsel *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL No. 05-1708 (DWF/AJB) (D. Minn.), where a $240 million settlement has been obtained for individuals who faced economic and personal injury from defectively designed implantable defibrillators.

Our lawyers have also acted as the lead New York class counsel in the Fen/Phen diet drug litigation which obtained the first certification under New York law for a medical monitoring class, and acted as the designated New York class counsel in the nationwide multi-billion dollar settlement with American Home Products.  We have experience serving on state and federal executive and plaintiffs' steering committees for other mass tort claims and Mr. Lesser has been a co-chair of the American Association for Justice's Food Borne Illness litigation group.

## The Firm's Attorneys

**Jeffrey A. Klafter** has almost thirty years of experience in prosecuting securities and commercial litigation.  From 1988 until mid-2003, Mr. Klafter was a partner of Bernstein Litowitz Berger & Grossmann LLP. Early in his career, Mr. Klafter was one of the principal lawyers responsible for the prosecution of over 100 defendants to recoup the losses suffered by the purchasers of municipal bonds issued by the Washington Public Power Supply System when it defaulted on those bonds.  That litigation resulted in the recovery of over $800 million, one of the largest securities fraud settlements in history.  Mr. Klafter has also served as sole or co lead counsel in prosecuting numerous securities class actions on behalf of investors in common stock, municipal bonds,



NEW YORK • NEW JERSEY • WASHINGTON, DC

5

convertible debentures and preferred stock in which hundreds of millions of dollars have been recovered on behalf of investors.  Among the many notable achievements for which he had sole or shared responsibility are the recovery of $48 million in *In re Independent Energy PLC Securities Litigation*; the recovery of $300 million in *In Re: DaimlerChrysler AG Securities Litigation*, the decision of the Second Circuit Court of Appeals reversing the district court's dismissal of plaintiffs' complaint in *In re Scholastic Corp. Securities Litigation* and ultimate settlement of that litigation; the recovery with Mr. Olsen of $27.1 million in *In re SmarTalk Teleservices Inc. Securities  Litigation*, and a significant recovery on behalf of holders of Sun Oil Company preferred stock in litigation over the indenture governing the stock.

Since forming the Firm, Mr. Klafter has also served as special counsel to lead counsel in the *In re Ahold N.V. Securities & ERISA Litigation*, Civil No.: 1:03-MD-01539-CCB (D. Md.) in which $1.1 billion was recovered on behalf of the class.

Mr. Klafter has also been responsible for the prosecution of innovative and diverse litigation successfully challenging Delaware regulations governing the disposal of solid waste on behalf of waste haulers; the laying of fiber optic cable along railroad rights of way on behalf of adjoining landowners; and efforts to impose the cost of Y2K compliance on businesses and medical practices by suppliers of various computer software.

Mr. Klafter is a member of the Bar of the State of New York, the United States District Court for the Southern District of New York, other federal district courts, the Second Circuit Court of Appeals, and the United States Supreme Court.  Mr. Klafter is a member of the Securities Law Committee of the Commercial and Federal Litigation Section of the New York State Bar Association; the Class Actions and Derivative Suits Committee of the Litigation Section of the American Bar Association, and is a noted author and lecturer on securities litigation issues.

**Kurt B. Olsen** has more than seventeen years of experience representing plaintiffs and defendants in commercial, Title VII, and securities class action litigation.  In September 1997, Mr. Olsen founded The Olsen Law Firm.  The Firm focused on uncovering complex accounting schemes before they became public including several actions where the defendant companies were forced to restate their financial results after the Firm



NEW YORK • NEW JERSEY • WASHINGTON, DC

6

filed suit.  As a lead counsel, Mr. Olsen successfully prosecuted several prominent federal securities class actions including: *In re SmarTalk Teleservices Inc. Securities  Litigation* ($27.1 million total settlement); *Edwards v. Casino DataSystems, Inc.*($5 million settlement); and *Broderick v. PHP Healthcare Corporation.*($4.5 million settlement); *In re Ashworth, Inc. Securities Litigation* ($15.25 million settlement).  In *SmarTalk*, the district court recognized the $15 million settlement with the company's auditor, defendant PricewaterhouseCoopers LLP, as an "extraordinary" recovery.

Prior to founding The Olsen Law Firm, Mr. Olsen was associated with the Washington D.C. office of Kirkland & Ellis where he represented General Motors Corp., Dow Corning Corp., and the Dow Chemical Co. in various products liability actions. He also served as co-trial counsel in *Scott v. Dow Corning, Inc.*, one of only two trial victories in Texas for Dow Corning in the breast implant litigation.

Mr. Olsen is also committed to public service. In October 2007, Maryland Governor Martin O'Malley appointed Mr. Olsen to the Maryland Health Care Commission, an independent regulatory agency whose mission is to plan for health system needs and improve access in a rapidly changing health care environment through programs that serve as models for the nation.

Mr. Olsen is a graduate of the U.S. Naval Academy (B.S. *with Merit* 1984) and the National Law Center, George Washington University (J.D. *with Honors* 1992).  During his career in the U.S. Navy, Mr. Olsen served as a Naval Special Warfare Officer assigned to SEAL Team Five in Coronado, California. He has traveled extensively in the Middle East and Far East, primarily as a special operations platoon commander. He is a member of the Bar of the District of Columbia and the State of Maryland, and a member of the United States District Court for the District of Columbia.

**Seth R. Lesser** practices in the areas of consumer advocacy, mass torts and wage and hour litigation, primarily on behalf of defrauded consumers, businesses and employees.  He is admitted to the bars of New York, New Jersey and the District of Columbia, as well as over a dozen federal courts. He began his career at a large defense firm and subsequently was a partner at two plaintiff-oriented firms, Bernstein Litowitz Berger & Grossmann LLP and the Locks Law Firm. He joined the Firm in August, 2008.



NEW YORK • NEW JERSEY • WASHINGTON, DC

Mr. Lesser is a graduate of Princeton University, A.B., *summa cum laude* (1983); Oxford University, D.Phil. in Modern History, recipient of a Marshall Scholarship (1985); and Harvard Law School, J.D., *magna cum laude*, where he was an editor of the HARVARD JOURNAL OF INTERNATIONAL LAW and of the HARVARD ENVIRONMENTAL LAW REVIEW (1985).  In addition, he was the coxswain of the Oxford Blue Boat in the Oxford-Cambridge Boat Race (1984 & 1985).

Since 1995, Mr. Lesser has primarily represented plaintiffs in class and collective actions and mass tort cases.  He has been the lead plaintiffs' counsel in dozens of successful class and/or collective actions in the areas of consumer, privacy, mass tort, employment and securities litigation.  The cases where he has served as plaintiffs' counsel have returned hundreds of millions of dollars to clients.  Federal Multidistrict Litigation proceedings where he was lead or co-lead counsel have including, among others, MDL-1346 (*In re Amazon-Alexa*) (sole lead); MDL-1352 (*In re Doubleclick*) (co-lead); MDL-1708 (*In re Guidant Implantable Heart Devices*) (co-lead); MDL-1739 (*In re Grand Theft Auto Video Game Consumer Litigation*) (sole lead); and MDL-1903 (*In re Pepsico, Inc. Bottled Water Sales Practices*) (sole lead).  He has been on numerous MDL Executive/Steering Committees, including, at the present time serving on the Executive Committee in MDL-1845 (ConAgra Peanut Butter Products Liability Litigation), and serving as Law & Briefing Co-Chair of the Government Actions Committee in MDL-1657 (Vioxx Products Liability Litigation).  Among other things, he was the lead New York class counsel in the Fen/Phen diet drug litigation and in that case obtained the first certification under New York law for a medical monitoring class, and was the New York class counsel in the settlement with American Home Products.  In recent years, he has particularly handled numerous wage and hour litigations on behalf of employees denied payment of overtime wages. He was also class counsel in *Perez v. Rent-A-Center* (New Jersey State Court) where a $109 million settlement returned to 100,000 New Jersey consumers over 100% of their out-of-pocket damages.

Mr. Lesser was the National Association of Consumer Advocates' Attorney of the Year in 2005 and is presently Co-Chair of the Board of Directors of that organization.  From 1998 through 2001, he served as the representative of the American Council on Consumer Interests to the United Nations.  At present, he is on the *Amicus* Committee of the American Association for Justice; is on the Second Circuit Courts



NEW YORK • NEW JERSEY • WASHINGTON, DC

Committee of the Federal Bar Council; is Co-Chair of the Food-Borne Illness Litigation Group of the American Association for Justice, and is active in the Members Consultative Group of the American Law Institute's Restatement of the Law Third, Restitution and Unjust Enrichment project.  He is a member of, *inter alia*, the American Law Institute; the American Bar Association; the Second Circuit Federal Bar Council; the Bar Association of the City of New York; the National Association of Consumer Advocates; the American Association for Justice; and the National Employment Lawyers Association.

Other professional organization appointments have included being the Chair of American Bar Association's Business Law Section's Environmental Litigation Subcommittee (1995-2002); the Co-Chair of the ABA's Business Law Section's Annual Review of Litigation (1995-1998); a member of the New York City Bar Association's Committees on Consumer Affairs (1995-1998) and Federal Courts (1998-2001); a member of the Federal Bar Council's Second Circuit Courts Committee (2006 to date); and Co-Chair of the American Association for Justice's Food-borne Illness Litigation Group (2007 to date).  He also was the Chair of the National Association of Securities and Consumer Attorneys' Consumer Committee from 2003 to 2005.  He was asked to draft revisions to New York State's class action law (2002-2003; Report, 2003), as well as having been involved in the drafting of numerous recommendations, testimony, reports, and other materials for various professional organizations.  His election to the American Law Institute was in 2008.  In addition, Mr. Lesser is presently on the Editorial Advisory Board of the *Class Action Law Monitor*.

**Fran L. Rudich** concentrates her practice in complex litigation and class action matters, with a particular emphasis in representing employees in all aspects of employment law, particularly sexual harassment, various issues of discrimination, and cases involving violations of the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act, and state wage and hour statutes. Ms. Rudich's other areas of expertise include consumer class actions, representative actions, and tort actions on behalf of defrauded and injured businesses and people. Ms. Rudich has been the lead attorney in numerous multi-million dollar employment discrimination jury verdicts against major national entities and corporations.

She is a graduate of the University of Massachusetts, 1983 (B.A. Summa cum laude 1983) and the Hofstra University School of Law (J.D. 1986).



NEW YORK • NEW JERSEY • WASHINGTON, DC

She is a member of the bars of the States of New York and
Massachusetts as well as several federal courts.

**Lana Koroleva** is a recent graduate of the Masters in Bankruptcy
program at St. John's University School of Law and adds significant
experience to the Firm's bankruptcy litigation related practice. Ms.
Koroleva will also concentrate on the Firm's wage and hour and
securities litigation practices.



New York • New Jersey • Washington, DC